Opinion of the Court by
Judge Mills.
[Absent Chief Justice Bibb.]
To a declaration in the usual form, for an assault, battery and wounding, the defendants below filed the following plea.
“The plaintiff, his action ought not to have and maintain because they say, that they are the sons of one Anne Hawkins, and reside with her in her dwelling house, and that the plaintiff, with others, came on the close of said Anne, in a forcible manner and disturbed the repose of said family, and defendants used such force as was absolutely necess *135 ary and no more than to cause said plaintiff and others to leave said close, which is the same assault in plaintiff’s declaration alleged, and this they are ready to verify.”
Judgment of the circuit court for defendants.
Plea to an action of A & B & wounding, that plaintiff came on the close in a forcibler manner so as to disturb the repose of the family under defendants protection & defendants used such force as was absolutely necessary and no more to cause said plaintiff to leave said close is insufficient—It ought to be alleged that defendants requested plaintiff to depart and that plaintiff having refused, defendants moliter manus imposuit &c.—And—To justify wounding the plea ought to alleged defendants were first endangered.
*135 To this plea the plaintiffs replied, and the defendants demurred to the replication, and the court sustained the demurrer, and gave judgment for the defendants; to reverse which, this writ of error is prosecuted.
By demurring, the defendants involved an enquiry into the validity of their own plea. If that is bad, it is immaterial what the replication is.
We conceive the plea is indubitably bad. It is only a matter of inference, whether the close which it is alleged the plaintiff disturbed, was the one on which the dwelling of the family stood; and if it was, it would shock the peaceful feelings of society, to see the defendants beat, bruise and wound the plaintiff, even if he came in a forcible manner, to disturb the repose of the family, without requesting him first to depart, and if he refused, laying hands mildly upon him to take him away, and then to wound him although he did not render that wounding necessary by first endangering the defendants. The law will not indulge the passions to break into violence on the first rude entry, with constructive force, and to drive off by severe chastisement before other means are used; and, therefore, he who would justify an assult and battery, must shew that it was necessary for his safety, and the danger of personal injury must occur by an assault, before a wounding can be justified. Hence pleas of this nature, in defence of possession, or even of the domicil, must generally allege a request to depart, or a moliter manus imposuit, and an actual resistance, before beating is returned, and damage before wounding ensues, progressively, or they cannot be tolerated.
We are not told by this plea, whether the force was actual or constructive. If it was constructive only, then the request to depart, or the moliter manus, is necessary. If it was actual, then its de *136 gree and circumstances might to be shewn, so as to dispense with the necessity of milder measures, and there must he a personal assault by the intruder, indicating personal injury, before a wounding can be justified, and the special circumstances of the force ought to be stated, still progressing to greater extremes, to excuse a wounding. McIlvoy vs. Cochran, 2 Marsh. 271.
Caperton, for plaintiff; Turner, for defendant.
The judgment must, therefore, be reversed with costs, and the cause be remanded with directions to overrule the demurrer, and for new proceedings, not inconsistent with this opinion.